UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-23839-Civ-COOKE/BANDSTRA

ELDRICK W. WOODING, SR.,

    Plaintiff
vs.

STATE ATTORNEY'S OFFICE, *et al.*

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

THIS MATTER is before me upon a *sua sponte* review of Plaintiff's Complaint. [ECF Nos. 1]. For the reasons explained below, the Complaint is dismissed with prejudice.

### I. BACKGROUND

On October 25, 2010, Plaintiff, Eldrick W. Wooding, Sr., ("Wooding"), a *pro se* litigant, filed a Complaint against the State Attorney's Office and the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. [ECF No. 1]. The Complaint alleges that Wooding was arrested on March 8, 1996, "for no reason at all" while reporting to the probation office and that the court "violated [him] 13 months later." The Complaint also alleges that there was a "set-up," a "cover-up," and a "conspiracy" to violate Wooding's civil and constitutional rights in 1998. Wooding now seeks "damages and punitive damages from all agenc[ies]" involved in his arrest.

### II. LEGAL STANDARD

The general rules of pleading require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (abrogating the old "unless it appears

1

beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Al.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

## II. DISCUSSION

*Pro se* pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Secretary for Dept. of Corrections*, 304 Fed. App'x 848, 849 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. Despite the relaxed pleading standard afforded to *pro se* litigants, Wooding's Complaint is barely comprehensible fails to allege sufficient facts or state a claim on which relief may be granted. Furthermore, the Complaint is time barred by Florida's four-year statue of limitations. Fla. Stat. § 95.11(3)(o).

Even if Wooding timely filed the Complaint and satisfied the pleading requirements of Fed. R. Civ. P. 8(a), Defendants have absolute immunity from Wooding's claims. Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Complaint does not, by any

stretch of the imagination, allege that the judge was not acting within his within his judicial discretion.

The Complaint also fails to state a cause of action against the State Attorney's Office. The Eleventh Amendment to the United States Constitution grants States immunity from suits brought by private citizens in federal court.  U.S. Const. amend. XI; *see also Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989).  This immunity extends to agents or "arms" of the state.  *See Fincher v. State of Fla. Dept. of Labor and Employment Sec. Unemployment Appeals Com'n*, 798 F.2d 1371 (11th Cir. 1986).  Clearly, the State Attorney's Office is an arm of the state of Florida for Eleventh Amendment purposes.  To the extent the Complaint casts allegations against the individual State Attorney who prosecuted Wooding's case, the prosecutor is also "entitled to absolute immunity for all actions he [took] while performing his function as an advocate for the government."  *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley V. Fitzsimmons*, 509 U.S. 259, 273 (1993).

### IV.  CONCLUSION

For the reasons set forth above, I hereby **ORDER and ADJUDGE** that this Plaintiff's Complaint [ECF No. 1] is dismissed with prejudice.  All pending motions are **DENIED** *as moot*.  The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 30th day of November 2010.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
Eldrick W. Wooding, Sr.

2950 N.W. 161 Street, Apt. A
Opa Locka, Florida 33054